IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     $66,702.00 IN UNITED STATES CURRENCY;

      Defendant.

_____

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*
_____

The United States of America, ("United States") by and through United States Attorney Peter McNeilly and Assistant United States Attorney Zachary Phillips, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

### JURISDICTION AND VENUE

1.     The United States of America has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant asset based upon violation of 21 U.S.C. § 801 *et seq*. This Court has subject matter and *in rem* jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

2.     Venue is proper under 21 U.S.C. § 881(j) and 28 U.S.C. § 1395, as the defendant asset is located, and the acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTY

3.      $66,702.00 in United States currency seized from 7426 Skyline Drive, Westminster, Colorado, 80030, on June 5, 2025, currently in the custody of the United States Marshal Service, Denver, Colorado, in the seized asset deposit fund account.

## FACTUAL BASIS FOR FORFEITURE

4.      Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the investigations and observations of fellow law enforcement officers as reported to me.

## INVESTIGATION

5.      In late June 2024, the Boulder County Drug Task Force (BCDTF) and the Drug Enforcement Administration (DEA) began an investigation into Jacob Giardina. Through the investigation, investigators learned Giardina distributed large amounts of illicit narcotics, including cocaine and marijuana.

6.      Between January and May of 2025, the BCDTF and the DEA conducted multiple operations, including multiple undercover (UC) buy walks, the use of GPS trackers, and one traffic stop targeting Giardina. Through these operations, investigators seized a total of 7.05 grams of Adderall, 310 grams of cocaine, and 6.88 kilograms of marijuana.

7.      Using a UC, investigators learned that Giardina sourced his marijuana from different growers around the area, including Thomas Wipf, who, at the time, lived at 7426 Skyline Dr Westminster, Colorado.

8.      Specifically, on June 2, 2025, a UC arranged for a money hand off to Giardina in exchange for ten pounds of marijuana and one ounce of cocaine.  The UC

2

brought $8,200 in cash to an arranged meeting place.  After the UC handed Giardina a brown bag with the cash, Giardina drove to 7426 Skyline Drive, Westminster, Colorado, 80030 and carried the bag with him inside.

9.    Throughout the course of the investigation, law enforcement observed Giardina's vehicle make frequent, short trips to 7426 Skyline Drive in 2025, staying for 30 minutes or less.

## SEARCH WARRANT

10.    On June 5, 2025, a state authorized search warrant was executed at 7426 Skyline Drive, Westminster, Colorado, 80030, the residence of Thomas Wipf.

11.    During the execution of the warrant, law enforcement discovered a marijuana cultivation/grow with approximately 174 marijuana plants.    Additionally, cultivation and processing equipment was found that included equipment used to manufacture marijuana concentrate products and edibles, molds for marijuana gummies, and an extractor press machine.

12.    Law enforcement found that there was marijuana, marijuana paraphernalia, and/or marijuana growing or packaging equipment in virtually every room of the residence.  Located in the living room, investigators found 185.97 grams of marijuana.

13.    A search of the dining room resulted in the discovery of packaging and equipment indicative of a marijuana wax operation.  Several bags of hash gummy bears were located in the refrigerator, as well as several Ziplock bags filled with marijuana buds from the freezer.  Additionally, investigators seized 5624.54 grams of marijuana from two gray totes and 2770 grams of marijuana substance in mason jars, as well as 720 grams of hash oil.

3

14.     Upon searching the kitchen, agents found more hash gummies in the refrigerator and a notebook with a recipe for the gummy bears with "hash" as the first ingredient.

15.     Several totes and a bucket containing marijuana were found in main level bedrooms, as well as mason jars containing 5890 grams of marijuana product.

16.     The house was heavily converted with more substantial heating, ventilation and air conditioning than other homes to support the marijuana grows in the basement. The basement was converted into three separate marijuana grow rooms, with 77 plants in the northwest grow room, 30 plants in the west grow room, 25 plants in the northeast grow room, and 25 plants in the laundry room.

17.     In total, law enforcement seized 44.99 pounds of marijuana concentrate products and 389.21 pounds of processed marijuana from the residence, and a ledger that appeared to be related to the distribution of controlled substance.

18.     Located in a safe in the basement, law enforcement found $65,480.00. An additional $1,222 was found in different areas of the house. Specifically, $400.00 was found folded up with Thomas Wipf's driver's license and $822.00 was found with Wipf's passport. In total, defendant $66,702.00 in United States currency was seized as proceeds of the unlawful distribution of a controlled substance.

## WAGES

19.     As part of the investigation, law enforcement found that Wipf reported wages of $1,632.90 for the first quarter of 2025 and $1,990.70 for the second quarter of 2025.

20.    In 2024, Wipf reported a total of approximately $16,236.90 for the entire year.

VERIFICATION OF JOSHUA ATWELL
SPECIAL AGENT, DRUG ENFORCEMENT ADMINISTRATION

I, DEA Special Agent Joshua Atwell, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

s/Joshua Atwell_____
Joshua Atwell
DEA Special Agent

**FIRST CLAIM FOR RELIEF**

21.    The Plaintiff repeats and incorporates by reference the paragraphs above.

22.    By the foregoing and other acts, defendant $66,702.00 in United States currency constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to an exchange of a controlled substance, or money used or intended to be used to facilitate a violation of 21 U.S.C. § 801 *et seq*.  Therefore, defendant $66,702.00 in United States currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

5

WHEREFORE, the United States prays for an entry of final order of forfeiture for the defendant asset in favor if the United States, that the United States be authorized to dispose of the defendant asset in accordance with law, and that the Court enter a finding of probably cause for the seizure of the defendant asset and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 3rd day of November 2025.

Respectfully submitted,

PETER MCNEILLY
United States Attorney

By: *s/ Zachary Phillips*
Zachary Phillips
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0402
E-mail: Zachary.Phillips@usdoj.gov
*Attorney for Plaintiff*